*NOT FOR PUBLICATION*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ESTATE OF DANIEL SANTIAGO RODRIGUEZ, *et al.* :<br>:<br>Plaintiffs, :<br>:<br>v. :<br>:<br>5 POINTS TIRE & AUTO REPAIR, *et al.* :<br>:<br>Defendants. : | Case No. 13-7744(FLW)<br><br>**OPINION** |

**WOLFSON, United States District Judge:**

Plaintiffs, Estate of Daniel Santiago Rodriguez, by and through his administrator Jose A. Mendez, Jensen Daxel Santiago Jimenez, a minor, and Joshuan Daniel Santiago Jimenez, by and through his guardian *ad litem*, Carmen Jimenez Velez (collectively, "Plaintiffs") move to remand the instant matter to Superior Court of New Jersey. Defendant Campbell Hausfeld/Scott Fetzer Company ("Defendant" or "Campbell Hausfeld"),[1] opposes Plaintiffs' motion on the basis that an additional non-diverse party in this case—Defendant 5 Points Tire & Auto Repair ("5 Points")—was fraudulently joined. In that connection, Campbell Hausfeld argues that when the citizenship of 5 Points is disregarded, complete diversity exists and this Court may properly exercise subject matter jurisdiction over the Complaint. For the reasons that follow, the Court finds that Plaintiffs' joinder of 5 Points is not fraudulent, and thus diversity of citizenship does not exist, requiring remand of Plaintiffs' Complaint.

---

[1] Campbell Hausfeld contends that it was improperly named in the pleadings as "Campbell Hausfeld, Co."

1

**BACKGROUND**

Plaintiffs' Complaint sets forth the following facts and allegations. Decedent Daniel Santiago Rodriguez ("Rodriguez") was a New Jersey citizen who was formerly employed by 5 Points, a New Jersey company located in Camden, New Jersey. Compl., ¶¶ 2, 5; Def. Notice of Removal, ¶ 9. During and/or related to the scope of Rodriguez's employment, he was seriously injured by a "grinding air machine"—also referred to as a "grinding air tool and cutting wheel"—which ultimately resulted in Rodriguez's death. Compl., ¶ 5; Def. Notice of Removal, ¶ 10. Based on this accident, on October 25, 2013, Plaintiffs brought the instant action in the Superior Court of New Jersey, Law Division, Middlesex County, alleging survival and wrongful death claims, as well as claims sounding in product design defect, lack of adequate warning, and negligence. In particular, Plaintiffs alleged that Campbell Hausfeld and another named Defendant, Arrow, a/k/a Smith & Arrow (hereinafter "Arrow"), "did design, assemble, manufacture, sell, supply, repair, service, alter and/or distribute" the grinding machine or its parts that caused Rodriguez's injury and death. Compl., ¶¶ 3-4.

Campbell Hausfeld timely removed the Complaint on December 20, 2013, on the basis that diversity exists between Plaintiffs, all of whom are New Jersey residents, and both Campbell Hausfeld and Arrow.[2] Def. Notice of Removal, ¶ 8. With respect to 5 Points, Campbell Hausfeld acknowledged that the entity "is a sole proprietorship with a principal place of business . . . [in] New Jersey," but nevertheless contended that 5 Point's citizenship should be disregarded for diversity jurisdiction purposes because it had been fraudulently joined. *Id.* at ¶ 9. Shortly thereafter, Plaintiffs filed the instant motion for remand, arguing that 5 Points is properly joined—

---

[2]  Campbell Hausfeld also claimed that, based on a reasonable reading of Plaintiffs' Complaint, the amount in controversy exceeds $75,000.

thus complete diversity is lacking among the parties—and, for that reason, this Court accordingly lacks subject matter jurisdiction over the action.

**LEGAL STANDARD**

The removability of a legal matter is determined from the plaintiff's pleadings at the time of removal.  *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951).  It is well established that a defendant may remove a civil action filed in state court to federal court if the latter would have had original jurisdiction to hear the matter in the first instance.  28 U.S.C. § 1441(b); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  The removing defendant bears the burden of establishing jurisdiction and compliance with all pertinent procedural requirements.  *Id.*  Once the case has been removed, however, the court may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking.  28 U.S.C. § 1447(c).  Removal statutes are to be strictly construed against removal, and all doubts are to be resolved in favor of remand.  *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941); *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996).

**DISCUSSION**

Plaintiffs move to remand their Complaint to state court, arguing that 5 Points is a New Jersey citizen, like Plaintiffs, and thus complete diversity does not exist as is required under 28 U.S.C. § 1332.[3]  In opposing Plaintiffs' motion to remand, and as indicated in their initial removal papers, Campbell Hausfeld contends that 5 Points is fraudulently joined as a defendant in this action, and that when 5 Points' citizenship is disregarded for diversity purposes, complete diversity exists and this Court has subject matter jurisdiction over the Complaint.  Specifically, Campbell Hausfeld argues that the claims in Plaintiffs' Complaint asserted against Rodriguez's employer, 5

---

[3]     Plaintiffs do not contest that, absent 5 Points as a party, complete diversity would exist.

Points, do not fall within the intentional wrong exception to New Jersey's Workers' Compensation Act, N.J.S.A. 34:15-1 to -127, (the "Workers' Compensation Act") and thus are barred.[4]

"In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). In that connection, joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985). Once it has been determined that a party was fraudulently joined, in this sense, the court can "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *In re Briscoe*, 448 F.3d at 216 (internal quotation marks omitted).

In evaluating whether joinder was fraudulent, the district court must assume as true all factual allegations of the complaint, at the time the complaint was filed. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992). The court "also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.* at 852. Thus, "unless the

---

[4] Plaintiffs did not file a reply brief to Campbell Hausfeld's opposition, but instead filed a letter indicating that Plaintiffs intended to rely on the reasoning in an unpublished opinion from this district. *See In re Paulsboro Derailment Cases*, Civ. No. 13-5583(RBK/KMW), 2014 WL 197818 (D.N.J. Jan. 13, 2014). That case is inapposite to Campbell Hausfeld's motion to remand, as the *In re Paulsboro* case concerns the doctrine of fraudulent *mis*joinder, not fraudulent joinder. These are distinct concepts, and the doctrine of fraudulent misjoinder has no application to that of fraudulent joinder. *See id.* at *3 n.2 ("Fraudulent misjoinder (also called procedural misjoinder) should not be confused with the widely accepted doctrine of fraudulent joinder. . . . Fraudulent joinder typically occurs when a plaintiff inserts a party with no real connection with the controversy into the complaint solely to defeat federal jurisdiction. . . . Fraudulent misjoinder, on the other hand, involves claims which may be valid, but are not properly joined under the permissive joinder rules." (Citations and Internal quotation marks omitted.)).

claims against non-diverse defendants can be deemed 'wholly insubstantial and frivolous,' joinder cannot be considered fraudulent." *In re Briscoe*, 448 F.3d at 218.  Nevertheless, it is not the Court's role to pass on the merits of a claim in deciding a motion to remand.  *See Boyer v. Snap-On Tools Corp.*, 913 F.2d at 112.  And, although a court may properly pierce the pleadings in certain circumstances, it "must not step 'from the threshold jurisdictional issue into a decision on the merits." *In re Briscoe*, 448 F.3d at 219.

Accordingly, I begin with the allegations in the Complaint regarding Plaintiffs' claims against 5 Points.  The gravamen of Plaintiffs' claims is that Rodriguez was severely injured by an allegedly defective grinding air machine that he was operating in the scope of his employment by 5 Points.  *See* Compl., First Count at ¶¶ 5-6.  In that connection, Plaintiffs allege in Counts Two through Five that all Defendants are liable under tort theories of negligence, *id.*, Second Count at ¶ 2, Third Count at ¶ 4, and defective design, *id.*, Fourth Count at ¶¶ 2-4, Fifth Count at ¶¶ 4-5.  In the Sixth Count, Plaintiffs allege, *inter alia*, that 5 Points (i) "failed to install, maintain, and use protective devices and safeguards for its employees, to protect against recognized hazards"; and (ii) "rendered ineffective those protective devices or safeguards originally installed or provided for the aforesaid [machine]."  *Id.*, Sixth Count at ¶ 5(b)-(c).  Furthermore, Plaintiffs allege that these failures were "intentional acts" on the part of 5 Points.  *Id.*, Sixth Count at ¶ 6.

Campbell Hausfeld argues that, based on these allegations, Plaintiffs' claims against 5 Points, brought on behalf of Rodriguez as a former employee of 5 Points, are barred and thus joinder is fraudulent.  I disagree.  The Workers' Compensation Act provides in relevant part:

> If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, *except for intentional wrong.*

5

N.J.S.A. § 34:15-8 (emphasis added); *see also Torres v. Lucca's Bakery*, 487 F. Supp. 2d 507, 511 (D.N.J. 2007) ("[O]nly claims based on an employer's alleged 'intentional wrong' are exempted from the workers compensation bar established by N.J.S.A. § 34:15-8."). In order for Plaintiffs to avoid this bar, they must show that 5 Points conduct "was sufficiently flagrant as to constitute an 'intentional wrong.'" *Oquendo v. Bettcher Indus., Inc.*, 939 F. Supp. 357, 360 (D.N.J. 1996) *aff'd*, 118 F.3d 1577 (3d Cir. 1997).

Here, the Complaint contains allegations that 5 Points acted intentionally to harm Rodriguez, specifically by intentionally failing to use and/or removing safety equipment for the machine that allegedly caused Plaintiffs' injuries and resultant death. Such allegations, if proven true, could result in Plaintiffs imposing liability on 5 Points, notwithstanding the Workers Compensation Act.[5] *See, e.g.*, *Calderon v. Machinenfabriek Bollegraaf Appingedam BV*, 285 N.J. Super. 623, 636-37, (App. Div. 1995) (suggesting that the removal of safety equipment by an employer might constitute an intentional wrong, supporting imposing liability on employer outside of Workers Compensation bar), *certif. denied*, 144 N.J. 174 (1996); *Laidlow v. Harriton Mach. Co., Inc.*, 170 N.J. 602, 622-24 (2002) (explain that an employer's removal of a safety guard could result in liability for employee's injury where there was substantial certainty that injury would occur and the dangerous condition was "outside the purview of the conditions the Legislature could have intended to immunize under the Workers' Compensation bar"). I recognize that Plaintiffs face a difficult, uphill battle in successfully proving that 5 Points acted intentionally. *See Millison v. E.I. du Pont de Nemours & Co.*, 101 N.J. 161, 179 (1985). Nevertheless, I cannot say at this

---

[5] In that connection, although not pled, I note that Plaintiffs argue in their brief in support of their motion that the Occupational Health and Safety Administration ("OSHA") fined 5 Points in connection with the accident leading the Rodriguez' death, for failing to furnish a place of employment free from recognized hazards.

6

juncture, on the facts pled, that Plaintiffs' claims against 5 Points are "wholly insubstantial and frivolous," and thus I cannot find that 5 Points has been fraudulently joined. *See In re Briscoe*, 448 F.3d at 218. Thus, because I cannot disregard 5 Points' citizenship, and it is undisputed that 5 Points and Plaintiffs are New Jersey citizens, complete diversity does not exist between the parties. Accordingly, Campbell Hausfeld has not carried its burden of establishing this Court's subject matter jurisdiction over the Complaint, and Plaintiffs' motion to remand is granted.[6]

**CONCLUSION**

For the reasons stated above, Plaintiffs' motion to remand is granted, and matter is remanded to the Superior Court of New Jersey, Middlesex County.

An appropriate order will follow.


Date: July 10, 2014                                              /s/ Freda L. Wolfson
                                                                 Freda L. Wolfson, U.S.D.J.

---

[6] I note that, if after proceedings in state court, Plaintiffs' claims of intentional acts by 5 Points are dismissed, Campbell Hausfeld would then be able to seek removal of the Complaint.